■ JOSEPH CURCIO et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 38773.) — *Per Curiam.* Appeal from a judgment of the Court of Claims in the sum of $22,609.55 for the appropriation of land in the Town of Malta, County of Saratoga. Claimants owned approximately seven acres of land having a frontage of 514 feet along the easterly side of Route No. 9. The property contained a motel, cabins, refreshment stand, residence, utility building, landscaping, drives, parking area etc. In 1959, the State, pursuant to section 30 of the Highway Law, appropriated approximately 0.336 acres of claimant's land consisting of the entire frontage to a depth of 30 feet. This area was devoted to signs, lamp posts, landscaping, trees and parking area and driveway. The taking reduced the setback of the residence to six feet, reduced the parking area, removed driveways and took land from the snack bar. The Court of Claims found the before value of the subject property was $59,900 and the after value was $40,146. The court then found damages of $19,754 of which $7,754 was direct damage and $12,000 was consequential damage. Appellant contends that the award of consequential damages is unsupported but the State's expert testified to consequential damage in the amount of $7,620. However, we find no basis for an award in excess of that amount. The State also urges that the land value testified to by claimant's expert is error since the comparables used were not similar. It is true that the comparables contained improvements and were in some ways dissimilar, but the testimony reveals that this was taken into consideration. The State's appraisal is equally subject to attack as their appraiser used as comparables parcels all from the same piece of property known as the Luther Swamp. The court has viewed the property and had before it various conflicting testimony concerning values of this and other area properties, as well as testimony concerning the consequences of the appropriation. In our opinion the award for direct damages of $7,754 was within the range of the expert testimony and we believe that there is sufficient evidence in the instant case to support the award. Judgment modified, on the law and the facts, so as to reduce the award to $15,374, with appropriate interest and costs, and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur; Aulisi, J., dissents and votes to affirm.